Lazaro MENDOZA–CABALLERO,
Ines Xotla–Mendoza, Jonathan
Mendoza–Xotla, Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–72562.
INS No. A76–269–198, A76–
269–199, A76–269–200.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Jan. 15, 2004.

544

Scott A. McMillan, Kenneth N. Hamilton, Esq., The McMillan Law Firm, La Mesa, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, District Director, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Susan Houser, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before BRIGHT,* O'SCANNLAIN, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Lazaro Mendoza–Caballero, his wife, Ines Xotla–Mendoza, and their son, Jonathan Mendoza–Xotla, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of their applications for suspension of deportation and cancellation of removal and the subsequent denial of their motion to reopen.

█ First, we lack jurisdiction to address the Petitioners' argument that the Immigration and Naturalization Service ("INS") should have commenced deportation proceedings after they presented themselves, rather than waiting approxi-

mately seven months to issue their notice to appear. The Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") provides in part, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Thus, we lack jurisdiction to consider the decision to delay the commencement of the removal proceedings. *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002).

█ The Petitioners next argue that they had a settled expectation that they would be placed in deportation proceedings rather than removal proceedings because they presented themselves to the INS before IIRIRA's effective date of April 1, 1997. Accordingly, the Petitioners claim that the application of IIRIRA's removal provisions to them was impermissibly retroactive. The Petitioners attempt to distinguish their case from *Jimenez–Angeles, supra,* because they presented themselves to the INS prior to the passage of IIRIRA. However, this argument is foreclosed by our decision in *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107–08 (9th Cir.2003) (holding that proceedings begin with the notice to appear, regardless of when the alien first contacted the INS); *see also Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 793–94 (9th Cir.2003) (holding that *Vasquez–Zavala* is not distinguishable based on the date an alien filed his asylum petition).

█ Finally, the Petitioners argue that the BIA subsequently erred in denying

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

their motion to have their case reopened. We do not have jurisdiction to consider the Petitioners' claim. They failed to file a separate notice of appeal from the BIA's October 17, 2002 order, which the BIA entered after the Petitioners filed the notice of appeal in this case. The United States Supreme Court has indicated that a separate notice of appeal is required. *Stone v. INS*, 514 U.S. 386, 401, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Thus, we cannot consider the Petitioners' arguments on the motion to reopen.

Accordingly, the Petitioners' petition for review is DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.